UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MARK A. PRICE                                                                                           Plaintiff

v.                                                              Civil Action No. 3:18-cv-P300-RGJ

KY. DEPT. OF CORRECTIONS COMMISSIONER et al.                            Defendants

* * * * *

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' motion to dismiss this action because of Plaintiff's failure to prosecute (DN 53). For the following reasons, the motion will be granted.

The posture of this case is as follows. The last document filed in this case by *pro se* Plaintiff, a notice of change of address, was filed on November 16, 2018 (DN 47). That notice indicated that Plaintiff was no longer incarcerated. Since then, the Court entered a Revised Scheduling Order. The copy of that Order which was sent to Plaintiff was not returned as undeliverable to the Court by the U.S. Postal Service.

However, Defendants move for dismissal based on the fact that mail they sent to Plaintiff on January 24, 2019, was returned to them with a label showing that Plaintiff was "not known" at the most recent address provided by Plaintiff and that the Postal Service was unable to forward the mail. Defendants also point out that Plaintiff did not provide any discovery documents or certify that his discovery was complete by January 31, 2019, as required by the Revised Scheduling Order. Defendants argue that because Plaintiff has abandoned this case, this case should be dismissed.

It appears from Defendants' motion and attachments thereto that Plaintiff has changed his address without advising the Court or Defendants of his new address. Therefore, documents from this Court and Defendants in this action cannot be served on Plaintiff.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because Plaintiff has failed to comply with this Court's Local Rules by failing to provide written notice of a change of address, the Court concludes that this case must be dismissed for lack of prosecution. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address."). Additionally, Plaintiff has not complied with the Revised Scheduling Order, which warned Plaintiff that his failure to notify the Clerk of Court of any address change or comply with any order of the Court could result in dismissal of this case. Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss (DN 53) is **GRANTED**. The Court will dismiss this action by separate Order.

Date:

cc: Plaintiff, *pro se*
　　　Counsel of record
A961.009